IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JUSTIN BAILEY and
ROBYN BAILEY,

        Plaintiffs,

v.                                                  CIVIL ACTION NO.  5:14-cv-24423

STATE FARM FIRE AND
CASUALTY COMPANY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *State Farm Fire and Casualty Company's Motion for Summary Judgment* (Document 24), *State Farm Fire and Casualty Company's Memorandum of Law in Support of Motion for Summary Judgment* (Document 25), the *Plaintiff's Reply to Motion for Summary Judgment and Motion to Extend Scheduling Order* (Document 26), and *State Farm Fire and Casualty Company's Reply to Plaintiffs' Response Opposing Motion for Summary Judgment and Motion to Extend Scheduling Order* (Document 27). In addition, the Court has reviewed the docket as a whole, including the pending discovery motions. For the reasons stated herein, the Court finds that the Defendant's motion for summary judgment should be granted.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Plaintiffs, Justin and Robyn Bailey, initiated this action with a *Complaint* (Document 1-2) filed in the Circuit Court of Wyoming County, West Virginia, on June 27, 2014. The Baileys named as Defendant State Farm Fire and Casualty Company. They assert that their home and property were insured under a policy purchased from State Farm when they suffered losses caused

by a *derecho* wind storm on June 29–30, 2012. (Compl. at ¶¶ 3–4.) They claim that State Farm mishandled and wrongfully denied their claims. (*Id.* at ¶¶ 5–23.)

State Farm removed the action to federal court on August 6, 2014, on the basis of diversity jurisdiction. On October 10, 2014, the Court entered a *Scheduling Order* (Document 6), setting dates and deadlines for the case, including a discovery completion deadline of August 31, 2015. On August 4, 2015, State Farm filed a motion to compel the Plaintiffs to respond to interrogatories and requests for production, asserting that defense counsel had attempted to confer with the Plaintiffs' counsel, but received no response to inquiries. (Document 19.) Magistrate Judge R. Clarke VanDervort issued an order (Document 20), directing the Plaintiffs to respond by August 21, 2015. No response was filed. The record includes several notices of depositions of the Plaintiffs, scheduled for March 25, 2015, May 7, 2015, August 5, 2015, and August 18, 2015. (Documents 8, 9, 11, 12, 14, 15, 21, & 22.) On August 31, 2015, the deadline for depositions, State Farm filed a motion to compel the Plaintiffs' depositions, indicating that the Plaintiffs had cancelled three of the scheduled depositions due to counsel's scheduling conflicts or due to Ms. Bailey's father's health, and that further attempts to schedule the depositions were unsuccessful.

State Farm filed the instant motion for summary judgment on September 15, 2015. The Baileys filed a brief response, requesting an extension of the scheduling order, on September 30, 2015, to which State Farm replied on October 6, 2015.

**JURISDICTION**

State Farm removed this action from state court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. 28 U.S.C. § 1332 provides federal jurisdiction in civil cases with an amount in controversy over $75,000 if the parties are citizens of different states. The Plaintiffs

2

are West Virginia citizens. (Compl. at ¶ 1.) State Farm is an Illinois corporation with its principal place of business in Illinois. (Not. of Rem. at 2.) Thus, there is complete diversity between the parties.

The Baileys assert that they suffered losses to a dwelling extension and its contents, including wind damage, storm damage, and food spoilage, but do not list a specific claim amount. They seek judgment for their losses, attorney's fees, and punitive damages for bad faith and/or unfair trade practices. The Baileys did not seek remand or otherwise challenge State Farm's assertion that the amount in controversy exceeds $75,000, and the Court finds that the Plaintiff's claims for insurance coverage and extra-contractual damages likely combine to exceed $75,000. This Court enjoys diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## STANDARD OF REVIEW

The well-established standard for consideration of a motion for summary judgment is that summary judgment should be granted if the record, including the pleadings and other filings, discovery material, depositions, and affidavits, "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013).

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the nonmoving party must satisfy its burden of showing a genuine factual dispute by offering more than "[m]ere speculation" or a "scintilla of evidence" in support of its position. *Anderson*, 477 U.S. at 252; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. On the other hand, if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

## DISCUSSION

*A. Extension of Time*

The Baileys responded to State Farm's motion for summary judgment with a request for an extension of the deadlines contained in the Court's scheduling order. They explain that Ms. Bailey's father "has been extremely ill undergoing medical procedures for suspected lung mass with possible metastasis." (Resp. at 1.) They assert that Ms. Bailey's father's medical appointments, care, and treatment have left them unavailable to their own counsel, as well as for

depositions. In light of their circumstances, they seek entry of a new scheduling order that permits completion of discovery and the taking of depositions.

State Farm opposes the requested extension. It notes the history of failure to respond to discovery requests (and failure to respond to the motion to compel), as well as the repeated attempts to schedule depositions over the course of several months. State Farm stresses the untimeliness of the Plaintiffs' request for a continuance, as well as the lack of supporting evidence of either the initial allegations or the Plaintiffs' asserted complete unavailability and inability "to provide even partial answers to be supplemented later" during the course of "the several months that unanswered interrogatories and production requests have been outstanding." (Rep. at 4.)

The Court finds that an extension of the deadlines at this point in the litigation is not appropriate. First, while the Plaintiffs have explained that their time and attention is devoted to Ms. Bailey's father's medical care, they have not provided evidence that the care interfered with their ability to conform to the Court's deadlines. It is not clear to the Court that the family medical issue prevented the Plaintiffs from answering interrogatories or scheduling at least one of the Plaintiffs for a deposition at a time and location convenient to the Plaintiffs.

Second, the Plaintiffs only recently sought an extension, months after the expiration of the relevant deadlines, with a motion for summary judgment pending and after failing to respond to a motion to compel. Deadlines are not set in stone and may be altered for good cause, potentially including family obligations. However, parties have an obligation to both the Court and the opposing party to either comply with the deadlines or seek extensions in a timely manner. The Plaintiffs simply ignored their obligations in this case. The Court does not find an extension of the long-expired discovery deadlines contained in the scheduling order to be warranted.

5

*B. Summary Judgment*

The Plaintiffs allege that State Farm breached its insurance contract by denying their claims, and acted in bad faith in doing so. State Farm moves for summary judgment, detailing the previously discussed failure to comply with discovery deadlines and asserting that the Plaintiffs have produced no evidence to support their allegations. Because the Plaintiffs have the burden of proof, and can no longer rest on their pleadings, State Farm argues that it is entitled to summary judgment as to the breach of contract claim, and consequently as to the claims for *Hayseeds* damages, bad faith, and punitive damages. In the alternative, State Farm moves for dismissal for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure. The Plaintiffs did not provide any evidence in response to the motion for summary judgment, instead seeking the continuance discussed above.

The Court finds that State Farm has satisfied its burden of demonstrating that it is entitled to judgment as a matter of law. *See*, *Celotex v. Catrett*, 477 U.S. 317, 325 (1986) ("the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). Plaintiffs bear the burden of proof with respect to claims for breach of contract. They, therefore, have the burden, when challenged at the summary judgment stage, of "mak[ing] a sufficient showing on [each] essential element" of their case. *Celotex*, 477 U.S. at 322-23. Because the Plaintiffs have presented no evidence to support their allegations, State Farm is entitled to summary judgment.

**CONCLUSION**

Wherefore, following thorough review and careful consideration, for the reasons stated herein, the Court **ORDERS** that *State Farm Fire and Casualty Company's Motion for Summary Judgment* (Document 24) be **GRANTED**, and that the Plaintiffs' motion for an extension of deadlines, contained in the *Plaintiff's Reply to Motion for Summary Judgment and Motion to Extend Scheduling Order* (Document 26), be **DENIED.** The Court further **ORDERS** that any pending motions be **TERMINATED AS MOOT** and that this matter be **STRICKEN** from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: November 12, 2015

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA